IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

TORY WILLIAMS, *parent and natural guardian of* K.W.B., *a minor*, Plaintiffs
v.
AMAZON.COM, INC., Defendant

CASE NO. 2:20-cv-00408-JS

Jury Trial Demanded

**COMPLAINT**

Deleted: ___________________

**AMENDED COMPLAINT**

Plaintiff, Tory Williams, parent and natural guardian of K.W.B., a minor, by and through her attorney, Gerald B. Baldino, Jr., Esq., respectfully represent as follows:

**PARTIES**

1. Plaintiff, Tory Williams, is an adult individual residing at 1566 Hermesprota Drive, Sharon Hill, PA 19079, and is the parent and natural guardian of K.W.B., a minor.

2. Defendant, Amazon.com, LLC (hereinafter "Defendant Amazon"), is a corporation with more than fifty (50) employees and is organized under the laws of the state of Washington with a principal place of business located at 410 Terry Ave. North, Seattle, WA, 98109.

3. Upon information and belief, Defendant Amazon is involved in electronic commerce and cloud computing and derives a large portion of its business and sales through third party vendors such as Fab Cart.

4. Defendant Amazon regularly conducts business within the city and county of Philadelphia.

5. After reasonable investigation, Plaintiffs were unable to identify or locate a place of operations, contact information, or any agents for *Fab Cart*. The true names and capacities of

the entity named herein as *Fab Cart* is unknown to Plaintiff. Plaintiff therefore directs this Complaint solely at Defendant Amazon.com, Inc., at present and at least until such time as the identity of *Fab Cart*, including its true name and capacity, becomes known.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

7. The GSN Temporary Tattoo India Henna Tattoo Paste Black Tatouage Temporary Paste Cone Body Art Painting with Henna Stencil Set (4PCS) (hereinafter the "product"), which is the subject of this litigation, was purchased by Plaintiff from Defendant Amazon's e-commerce website through the Fab Cart marketplace on Amazon.com on or about December 15, 2017.

8. Defendant Amazon was at all times relevant hereto a seller of the product, engaged in the business of selling such product, and did sell such product to the plaintiff.

9. On or about January 14, 2018, K.W.B., a minor, applied the product to her left upper extremity and fell asleep with her face on her left hand.

10. On or about January 15, 2018, K.W.B, a minor, woke up with serious, permanent, and disfiguring injuries and burns on her face and left upper extremity as a direct and proximate result of the defective condition of the product sold, marketed, and distributed by Defendant Amazon.

11. At the time of the incident, the product being used by plaintiff was in substantially the same condition as when delivered by defendant to plaintiff and it had not been substantially altered or modified.

12. At all times pertinent hereto, defendant Amazon.com was engaged in the marketing, sales, distribution and supply of Henna tattoo products, and specifically but not limited to, the product which is the subject of this litigation.

13. The incident was caused by the negligence of defendant Amazon.

14. At all times relevant hereto, the product was used by minor plaintiff K.W.B. in a proper and appropriate manner in accord with all prevailing standards and as per manufacturer's instructions.

15. At all times relevant hereto, the product was being used in its intended manner and for its intended use and was not misused by the minor plaintiff, K.W.B.

16. The incident causing injury to the minor plaintiff, K.W.B., resulting from the negligence of defendant, by virtue of the defective nature of the product in that the product was either defectively designed defectively manufactured and defendant failed to properly warn of the dangerous condition and propensities of the product and, all other causes of the incident having been ruled out.

17. Defendant supplied the product with knowledge of the product's dangerous propensities and propensity to fail under normal use, and otherwise had actual notice of the dangers of the product and its propensity to fail and nevertheless placed the product in the stream of commerce and allowed the product to remain in the hands of those lawfully permitted to use the product, despite such knowledge, constituting conduct with disregard to the health, safety and welfare of minor plaintiff K.W.B. and others similarly situated.

**Deleted:** wanton, willful, malicious and reckless

**Deleted:** , and otherwise acted in a manner warranting the imposition of punitive damages

**COUNT I**

**Plaintiff, Tory Williams, as parent and natural guardian of K.W.B., a minor, v. Amazon.com, LLC**

**<u>Negligence</u>**

18. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as though fully set forth at length.

19. At all times relevant hereto, defendant was under a duty to exercise reasonable care in distributing, inspecting, marketing, and selling the product.

20. Defendant knew or should have known that consumers, including minor plaintiff, would suffer injury as a result of its failure to exercise ordinary care.

21. The negligence of defendant Amazon consisted of one or more of the following acts or omissions:

a. Allowing its product to be sold in a defective condition;

b. Failing to warn users or others subject to injury resulting from the dangerous product or the dangers associated with the product;

c. Failing to investigate the dangers associated with its product;

d. Placing the product in the stream of commerce when defendant knew, or reasonably should have known, that the product was not properly equipped with components and safety devices and features to make it safe for intended use;

e. Marketing, selling and/or supplying the product which defendant knew or reasonably should have known was in a defective condition;

f. In ignoring evidence and facts about the dangers of the product when used in a reasonably foreseeable manner;

g. Failing to supply or specify the appropriate and safe use for the product;

h. Failing to warn plaintiff and/or minor plaintiff of the dangers associated with the product;

i. Negligently distributing, inspecting, marketing, selling, and/or testing the product.

22. The incident was caused by the negligence of the defendant and was in no way caused by plaintiff or minor plaintiff.

Deleted: and recklessness

Deleted: defendants

23. As a result of the incident, minor plaintiff was caused to suffer severe injuries including but not limited to: severe burns to her upper left extremity and face, disfigurement, severe pain and suffering as well as injuries to the nerves and nervous system.

24. As a result of minor plaintiff's injuries, she was caused to endure and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological damages, trauma and harm, and disfigurement.

25. As a result of minor plaintiff's injuries, she has expended and will be required to expend large sums of money for medical treatment and therapeutic treatment and other attendant services.

26. As a result of plaintiff's injuries, she has been and will in the future be unable to enjoy the various pleasures of life that she previously enjoyed.

WHEREFORE, plaintiff Tory Williams demands judgment against defendant in an amount in excess of $75,000.00 plus interest and costs.

**COUNT II**

**Plaintiff, Tory Williams, as parent and natural guardian of K.W.B., a minor, v. Amazon.com, LLC**

**Strict Product Liability Under Restatement of Torts §402(a) and Pennsylvania Interpretative Common Law**

27. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28. The injuries and damages incurred by minor plaintiff were directly and proximately caused by the defective condition of the product, either by virtue of its defective design, defective manufacture or by defendant's failure to adequately warn of the dangers of the product for which defendant is strictly liable.

29. Defendant Amazon promoted, distributed, and/or sold the subject henna tattoo cone, expecting that it would reach consumers in the condition in which it was manufactured and sold, and knowing, or with reason to know, that it would be used without inspection for defects of any danger to minor plaintiff.

30. The subject henna tattoo cone did in fact reach plaintiff and minor plaintiff without substantial change in the condition in which defendant first sold in, and minor plaintiff used the subject henna tattoo cone as it was intended to be used.

31. Defendant Amazon is liable because it failed to provide adequate warnings regarding the use of the product, causing it to be unreasonably dangerous to the intended user at the time it left the defendant's possession.

32. The subject henna tattoo cone was provided with a dangerous condition making it unreasonably dangerous, defective and unsafe for its intended use.

33. Defendant Amazon, as a merchant of the subject henna tattoo cone, is held to the knowledge of an expert in the field and knew or should have known that the product was dangerous, defective, and unsafe for its intended use.

34. Despite its knowledge of the dangers associated with the use of the product, defendant promoted, distributed, and/or sold the product without adequate information and data.

35. Defendant knew or reasonably should have known that consumers, including plaintiff and minor plaintiff, would foreseeably suffer injury as a result of its failures.

36. Defendant failed to provide any warnings of a possible defect or dangerous condition.

37. The injuries and damages incurred by minor plaintiff were directly and proximately caused by the defective design, manufacture, failure to warn or adequately warn of the dangers associated with the product.

38. The product was defective for its foreseeable use and purpose.

39. The injuries and damages suffered by minor plaintiff were directly and proximately caused by the failure to warn or adequately warn of the dangers associated with the product and/or by the failure of defendants to equip the product with all devices necessary to make it safe for its intended use.

40. The product failed to function safely under a risk/utility analysis.

41. The product was defective in that it did not meet the consumer expectations for safe and proper use.

42. The injuries and damages suffered by minor plaintiff were directly and proximately caused by the risks associated with the use of the product, which risks could have been eliminated without in any way diminishing the usefulness or utility of the product.

43. Plaintiff and minor plaintiff, and others similarly situated, had an expectation and had a reasonable right to expectation that the product would be safe for its intended use, to wit, temporary henna tattoos.

44. As a result of the incident, minor plaintiff was caused to suffer severe injuries including but not limited to: burns to her upper left extremity and face, disfigurement, severe pain and suffering as well as injuries to the nerves and nervous system.

45. As a result of minor plaintiff's injuries, she was caused to endure and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological damages, trauma and harm, and disfigurement.

46. As a result of minor plaintiff's injuries, she has expended and will be required to expend large sums of money for medical treatment and therapeutic treatment and other attendant services.

47. As a result of minor plaintiff's injuries, she has been and will in the future be unable to enjoy the various pleasures of life that she previously enjoyed.

WHEREFORE, plaintiff Tory Williams demands judgment against defendant in an amount in excess of $75,000.00 plus interest and costs.

**COUNT III**

**Plaintiff, Tory Williams, as parent and natural guardian of K.W.B., a minor, v. Amazon.com, LLC**

**Breach of Implied Warranty of Merchantability**

48. Plaintiff Tory Williams incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

49. At the time it sold, leased or supplied the product, defendant was in the business of marketing and supplying household products including the product which is the subject of this litigation and were acting as a "merchant" within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

50. Defendant, in connection with its business activities described above, made implied warranties with regard to the subject product, warranting that the product was safe, fit for its ordinary and general purpose, i.e. a temporary henna tattoo. Every product sold has an implied warranty of merchantability.

**Deleted:** both express and

**Deleted:** intended use

**Deleted:** plaintiff's particular

**Deleted:** of merchantable quality, and that the

**Deleted:** was not defective.

51. Defendant was aware that plaintiff and minor plaintiff were relying on it to provide a product for consumer purposes, thereby impliedly warranting that the goods it marketed, sold, or otherwise brought into the stream of commerce, including the subject henna tattoo cone, would in fact be safe and fit for its intended purpose.

52. In reliance upon the defendant's skill and judgment and the implied warranty of merchantability, plaintiff purchased the product for minor plaintiff who use the product for its intended purpose, to wit, to create a temporary henna tattoo.

**Deleted:** suitable

**Deleted:** their

**Deleted:** warranties

**Deleted:** fitness for that purpose

53. The warranties described above were false, misleading, and/or inaccurate in that the product was unsafe, not of fair average quality, unfit for its intended ordinary use and for plaintiff's particular purpose, not of merchantable quality, defective, not adequately packaged, contained, and labeled, and/or did not conform to the promises or affirmations of fact made.

**Deleted:** and

**Deleted:** .

54. The injuries and damages sustained by minor plaintiff were caused by breach of the implied warranty of merchantability to plaintiff and minor plaintiff by defendant with the sale, marketing and supply of the product.

**Deleted:** expressed warranty and

**Deleted:** and warranty of fitness for intended use

55. As a result of the incident, minor plaintiff was caused to suffer severe injuries including but not limited to: burns to her upper left extremity and face, disfigurement, severe pain and suffering as well as injuries to the nerves and nervous system.

56. As a result of minor plaintiff's injuries, she was caused to endure and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological damages, trauma and harm, and disfigurement.

57. As a result of minor plaintiff's injuries, she has expended and will be required to expend large sums of money for medical treatment and therapeutic treatment and other attendant services.

58. As a result of minor plaintiff's injuries, she has been and will in the future be unable to enjoy the various pleasures of life that she previously enjoyed.

WHEREFORE, plaintiff Tory Williams demands judgment against defendant in an amount in excess of $75,000.00 plus interest and costs.

**COUNT IV**

**Plaintiff, Tory Williams, as parent and natural guardian of K.W.B., a minor, v. Amazon.com, LLC**

**Misrepresentation**

59. Plaintiff incorporates by reference all preceding paragraphs of this complaint as though fully set forth at length.

60. Defendant marketed and labeled its product in a manner that publicly misrepresented its character, quality and fitness. The misrepresentations included, but were not limited to, statements that the product was safe, safe for its intended use, and was free from defects.

61. Defendant knew that its labels, advertisements, and other promotional materials made to the consuming public, including plaintiff and minor plaintiff, were false and misleading in material ways.

62. The misrepresentations were made in connection with the design, manufacture, advertisement, and/or sale of the product.

63. Defendant intended that the consuming public, including plaintiff and minor plaintiff, would rely upon its false and misleading misrepresentations, and knew that the consumers, plaintiff, and minor plaintiff were unaware that its representations about its product were false.

64. Plaintiff justifiably and reasonably relied on these misrepresentations when using the products.

65. The misrepresentations, as set forth more fully above, violated the Restatement of Torts §402B and Pennsylvania interpretative common law, and entitles plaintiff to recover the damages which are pled herein.

66. As a result of the incident, minor plaintiff was caused to suffer severe injuries including but not limited to: burns to her upper left extremity and face, disfigurement, severe pain and suffering as well as injuries to the nerves and nervous system.

67. As a result of minor plaintiff's injuries, she was caused to endure and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological damages, trauma and harm, and disfigurement.

68. As a result of minor plaintiff's injuries, she has expended and will be required to expend large sums of money for medical treatment and therapeutic treatment and other attendant services.

69. As a result of minor plaintiff's injuries, she has been and will in the future be unable to enjoy the various pleasures of life that she previously enjoyed.

WHEREFORE, plaintiff Tory Williams demands judgment against defendant in an amount in excess of $75,000.00 plus interest and costs.

**COUNT V**

**Plaintiff, Tory Williams, as parent and natural guardian of K.W.B., a minor, v. Amazon.com, LLC**

**Breach of Implied Warranty of Fitness for a Particular Purpose**

70. Plaintiff Tory Williams incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

71. At the time it sold, leased or supplied the product, defendant was in the business of marketing, selling and supplying household products including the product which is the subject of

Deleted: IV

Deleted: Negligent Undertaking

Deleted:

Formatted: Indent: First line: 0.5"

Deleted: all relevant times

Deleted: owed a duty to exercise a reasonable degree

Deleted: care to consumers,

this litigation and was acting as a "merchant" within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

72. Defendant, in connection with its business activities described above, made implied warranties with regard to the subject product, warranting that the product was safe and fit for a particular purpose, i.e. a temporary henna tattoo.

73. Defendant was aware that plaintiff and minor plaintiff were relying on it to provide a product for consumer purposes, thereby impliedly warranting that the goods it marketed, sold, or otherwise brought into the stream of commerce, including the subject henna tattoo cone, would in fact be safe and fit for its intended particular purpose.

74. In reliance upon the defendant's skill and judgment and the implied warranties of fitness for that purpose, plaintiff purchased the product for minor plaintiff who use the product for its intended purpose, to wit, to create a temporary henna tattoo.

75. At the time the parties entered into their contract for the purchase of the subject henna tattoo cone, Defendant knew or should have known of Plaintiff's particular purpose and use of the product, to wit, to create a temporary henna tattoo.

76. Plaintiff relied upon Defendant when selecting the product.

77. The warranties described above were false, misleading, and/or inaccurate in that the product was unsafe and unfit for plaintiff's particular purpose.

78. The injuries and damages sustained by minor plaintiff were caused by breach of the implied warranty of fitness for a particular purpose to plaintiff and minor plaintiff by defendant with the sale, marketing and supply of the product.

Moved (insertion) [1]

Moved (insertion) [2]

Deleted: duties as set forth more fully above

Moved (insertion) [3]

Moved up [1]: 72.

Deleted: Defendant breached

Deleted: above duties owing to

Deleted: and

Deleted: .¶

Moved up [2]: 73.

Deleted: The negligence of defendant Amazon consisted of one or more of the following acts or omissions:¶
a. Allowing its product to be sold in a defective condition;¶
b. Failing to warn users or others subject to injury resulting from the dangerous

Moved (insertion) [4]

Deleted: or the dangers associated with

Deleted: product;¶
c. Failing to investigate

Deleted: dangers associated with its product;¶
d. Placing

Deleted: product in

Deleted: stream of commerce when defendant

Deleted: ,

Deleted: reasonably

Deleted: ,

Formatted: Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers

Deleted: not properly equipped with components and safety devices and features to make it safe for intended use;

Deleted: e. Marketing, selling and/or supplying the product which defendant knew or reasonably should have known was in a defective condition;¶
f. In ignoring evidence and facts about the dangers of the product when used in a reasonably foreseeable manner;¶
g. Failing to supply or specify the appropriate

Deleted: safe use for the product;¶
h. Failing to warn plaintiff and/or

Deleted: the dangers associated with the product;¶
i. Negligently distributing, inspecting

Deleted: , selling,

Deleted: /or testing the product;¶
j. Violating applicable standards

Deleted: care and failing to provide the product with features, elements, precautions, and/or warnings that woul ...

79. As a result of the incident, minor plaintiff was caused to suffer severe injuries including but not limited to: burns to her upper left extremity and face, disfigurement, severe pain and suffering as well as injuries to the nerves and nervous system.

Moved up [3]: 74.

Deleted: Defendant is liable to plaintiff pursuant to §323 and §324A of the Restatement (Second) of Torts.¶

Moved up [4]: 75.

Deleted: further

Deleted: Defendant Amazon's actions and inactions as set forth above…

80. As a result of minor plaintiff's injuries, she was caused to endure and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological damages, trauma and harm, and disfigurement.

Deleted: 76

Deleted: minor plaintiff

81. As a result of minor plaintiff's injuries, she has expended and will be required to expend large sums of money for medical treatment and therapeutic treatment and other attendant services.

Deleted: 77

Deleted: ,

82. As a result of minor plaintiff's injuries, she has been and will in the future be unable to enjoy the various pleasures of life that she previously enjoyed.

Deleted: 78

WHEREFORE, plaintiff Tory Williams demands judgment against defendant in an amount in excess of $75,000.00 plus interest and costs.

SACCHETTA & BALDINO

By: ______________________________

GERALD B. BALDINO, JR., ESQUIRE
Attorney I.D. No. 55624
308 East Second Street
Media, PA 19063
(610)891-9212
Attorney for Plaintiff